**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SUSAN AFONSO,

                      Plaintiff,

      - v -                                    Civ. No. 1:11-CV-303
                                                      (TJM/RFT)

WELLPOINT, INC.,

                      Defendant.

**APPEARANCES:**                                **OF COUNSEL:**

SUSAN F. AFONSO
Plaintiff, *Pro Se*
969 Albany Street, Apt. 1
Schenectady, New York 12307

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT RECOMMENDATION and ORDER**

      The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Susan Afonso. Dkt. No. 1, Compl. Afonso has also filed a Motion to Proceed *In Forma Pauperis* (IFP). Dkt. No. 2, IFP App. In her Complaint, Plaintiff complains that her former employer, Wellpoint, violated her rights when it terminated her.

## I. DISCUSSION

### A. IFP Application

      Turning first to Afonso's Motion to Proceed with this Action IFP, after reviewing the application, the Court finds that Plaintiff may properly proceed with this matter IFP.

### B. Plaintiff's Complaint

      Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to

proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed with her action.

In drafting her brief *pro se* Complaint, Plaintiff utilizes the *pro forma* complaint used for maintaining actions through 42 U.S.C. § 1983, the Civil Rights Act. Through this statute, Congress "establishe[d] a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

As noted above, Afonso complains that Defendant Wellpoint, her previous employer, improperly terminated her. Such an action cannot be pursued under § 1983 for several reasons. First, Afonso fails to specify the nature of her constitutional right that she alleges was infringed upon. Second, Plaintiff fails to allege that the Defendant, in wrongfully terminating her, acted under color of state law. It is well-settled that parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. *See*, *e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). Because there is no allegation that Defendant Wellpoint, a private company, acted under color of state law with regard to

terminating Plaintiff from its employ, a claim cannot be pursued under § 1983. Because § 1983 would not be the proper vehicle for Plaintiff to seek judicial review of her claim, we recommend dismissal of any claims brought pursuant to 42 U.S.C. § 1983.

However, this does not end our review. The Second Circuit has clearly enunciated a district court's obligation to read *pro se* complaints liberally. *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a *pro se* litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."). At the end of her Complaint, Plaintiff makes reference to the FMLA, or Family Medical Leave Act. *See* Compl. at ¶ 6. The FMLA prohibits employers from terminating employees for exercising certain rights granted to them under that statute, such as the right to take certain medical leave without fear of retribution. *See* 29 U.S.C. § 2601, *et seq.*; *see also* 29 U.S.C. § 2617 (providing for a private cause of action against an employer for violation of the FMLA). It is possible that Plaintiff's allegations may set forth a violation of the FMLA in that she asserts she was fired from Wellpoint employment after taking time off in 2008 for "inpatient" hospitalization and other emergency reasons. The Court makes no ruling as to the merits of such a claim, nor as to whether it falls within the two-year or three-year statute of limitations set forth in the FMLA.[1] However, in light of her *pro se* status, the Court recommends that Plaintiff be afforded an opportunity to amend her Complaint to make clear that this action is brought pursuant to the

---

[1] The FMLA provides for a general two-year statute of limitations, running from the date of the last violation. 29 U.S.C. § 2617(c)(1). However, the act also provides a three-year statute of limitations if the employer acted willfully in violating the employee's rights. 29 U.S.C. § 2617(c)(2).

FMLA and not 42 U.S.C. § 1983. Plaintiff should also be provided an opportunity to provide more facts in her amended complaint which would allow the Court, and Defendant, to assess whether a timely cause of action is stated. We suggest, but wouldn't require, that Plaintiff enlist the aid of the *Pro Se* Assistance Program, offered through the Northern District of New York's Federal Court Bar Association, Inc.[2] To be clear, this is only this Court's recommendation. Plaintiff should await directions from the District Judge assigned to this matter before amending her Complaint.

Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that <u>clearly</u> identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. Plaintiff must also clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted**;[3] and it is further

**RECOMMENDED**, that to the extent Plaintiff seeks to pursue an action under 42 U.S.C. § 1983, the Complaint be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is further

---

[2] The Court directs the Clerk of the Court to provide Plaintiff with a copy of the *Pro Se* Assistance Program Brochure.

[3] Plaintiff should note that although her Application to Proceed *In Forma Pauperis* has been granted, she will still be required to pay other fees that she may incur in this action, including copying and/or witness fees.

**RECOMMENDED**, that in light of Plaintiff's *pro se* status, prior to any dismissal, Plaintiff should be afforded an opportunity to amend her Complaint to state a violation of the FMLA, 29 U.S.C. § 2601, *et seq.* In amending her Complaint, Plaintiff should not utilize the form for § 1983 actions; and it is further

**ORDERED**, that Plaintiff should not take steps to amend her Complaint until the District Judge assigned to this matter has had an opportunity to review the within recommendations and render a ruling; and it is further

**ORDERED**, that the Clerk of the Court provide Plaintiff with a *Pro Se* Assistance Program Brochure; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**.

Date: April 5, 2011
      Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge